The plaintiff sued out a writ against Martin Armstrong, from the County Court of Surry, returnable to August Term, 1807, but it was not returned until November term following, when it was returned into the office with the following (256) indorsement, viz., "Executed, James Fitzgerald." No bail bond was taken by the sheriff; a judgment was recovered by Stuart against Armstrong, and thereupon Stuart sued out this scirefacias to subject the defendant to the payment of the judgment. *Page 182 
The defendant was elected sheriff of Surry at May Term, 1806, and qualified and gave bond with security at August term following. At May Term, 1807 (at which time the writ against Armstrong was issued and placed in the defendant's hands), Thomas C. Burch was elected sheriff and qualified, and gave bond at August term following. It appeared from the evidence of Joseph Williams, Sr., clerk of Surry County Court, that the practice of electing the sheriff in May, and of his qualifying in August, prevailed as far back as the time when the law required the sheriff to be commissioned by the Governor, and that the practice has continued in Surry ever since. It appeared further, by his evidence, that the sheriff elected in May did not enter upon the duties of his office until he qualified and gave bond at August following. It appeared by an entry on the docket of November Term, 1807, that the writ was then returned by consent of Armstrong and of the defendant. And the deputy clerk, Joseph Williams, Jr., swore that when the defendant returned the writ he observed that he had executed it in due time, but had failed to return it at August term, because it was mislaid.
No ca. sa. against Armstrong could be found in the office; but it appeared from an entry on the execution docket that acapias did issue from August, returnable to November Term, 1809, and that the sheriff's return thereon was "Not found." It appeared, also, from the evidence of the clerk and sheriff, that such a ca. sa. had been issued and returned.
(257) The court adjudged that there was such a record as that mentioned in the sci. fa. The jury found the issues of fact for the plaintiff, and the court gave judgment. A rule for a new trial was obtained upon the grounds, (1) that the court was in error in adjudging that there was such a record; (2) that parol evidence was received to supply the record; (3) that the jury ought to have found that he was not sheriff when the writ was executed. The case was sent to this Court.
It has been objected for the defendant, that at the time the writ was executed by him he was not Sheriff of Surry County. It is not necessary to examine critically whether he was regularly in all respects chosen sheriff for that year; because it appears that he qualified by taking the oath of office, and acted as sheriff of the county during that time, and in that character returned the writ in question. He shall not now be permitted to contradict his own acts.
He objects that the ca. sa. which issued against his principal is not produced. It appears from the clerk's execution docket *Page 183 
that such writ issued and was returned, "Not found"; and, from the oaths of the clerk and sheriff, that such a writ was in the office, but had been taken out or mislaid. Let the rule for a new trial be discharged.
Cited: Mobley v. Watts, 98 N.C. 289.
(258)